UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID JOHN BOCHNOVICH,
       **Plaintiff,**

-vs-

                                      Case No.  2:12-cv-50-UA-DNF

MICHAEL ASTRUE,  Commissioner of
Social Security,
         **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter is before the Court on Plaintiff's complaint (Doc. #1), seeking review of the final decision of the Commissioner of Social Security of the Social Security Administration ("the Commissioner") denying his claim for Supplemental Security Income (SSI)[1].  The Plaintiff timely pursued and exhausted his administrative remedies making this claim ripe for judicial review pursuant to 42 U.S.C. § 405(g).

      For the reasons set forth below, it is respectfully recommended that this case be **REVERSED and REMANDED** pursuant to Section 1614(a)(3)(A) of the Social Security Act.

      The Commissioner has filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties have filed legal memoranda.

---

[1] Because the disability definitions for DIB and SSI are identical, cases under one statute are persuasive as to the other.  *Patterson v. Bowen*, 799 F.2d 1455, 1456 (n.1 (11th Cir. 1986); *McCruter v. Bowen*, 791 F.2d 1544, 1545 n.2 (11TH Cir. 1986).

I.   **SOCIAL SECURITY ACT ELIGIBILITY, THE ALJ DECISION AND STANDARD OF REVIEW**

A.   **Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511.  The Plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

B.   **Standard of Review**

The ALJ must follow a five step sequential evaluation process for determining whether an individual is disabled.  20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is engaging in substantial gainful activity. If the claimant is doing any substantial gainful activity then he is not disabled. 20 C.F.R. § 404.1520(a)(4)(I).

The second step considers the medical severity of the impairment: if there is not a severe medically determinable physical or mental impairment, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii).

The third step also considers the medical severity of the impairment. If the claimant has an impairment that meets or equals one of the listings and meets the duration requirement, the claimant will be found to be disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

2

The fourth step is assessing the residual functional capacity of the claimant, and the claimant's past relevant work.  If the claimant can still do his past relevant work then he will not be found disabled. 20 C.F.R. § 404.1520(a)(4)(iv).

The fifth step considers the residual functional capacity as well as the age, education, and work experience of the claimant to see if she can make an adjustment to other work.  If the claimant can make an adjustment to other work then the claimant will not be found disabled. 20 C.F.R. § 404.1520(a)(4)(v). The Plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287 (1987);  *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he or she is not capable of performing the "other work" as set forth by the Commissioner.  *Doughty*, 245 F.3d at 1278 n.2.

Plaintiff filed an application for Supplemental Security Income on July 29, 2009, claiming disability as of May 20, 2009 (Doc. 69, 91).  On May 3, 2011, the Honorable M. Dwight Evans, Administrative Law Judge ("ALJ"), held a hearing on Plaintiff's claims.  On May 19, 2011, the ALJ issued a decision that Plaintiff is not disabled and his application for Supplemental Security Income was denied.  (Tr. 12-26).  On December 7, 2011, the Appeals Council denied review (Tr. 1).

At Step 1, the ALJ found Plaintiff has not engaged in substantial gainful activity since his application date of July 27, 2009 (Tr. 17).

At Step 2, the ALJ found that Plaintiff has the following severe impairments: diabetes, left knee/leg pain and alcohol abuse. (20 C.F.R. 416.971).

3

At Step 3, the ALJ found that Plaintiff did not have an impairment or combination of impairments which met the criteria of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 416.920(d), 416.925 and 416.926).

At Step 4, the ALJ determined Plaintiff has the ("RFC") residual functional capacity to perform the full range of light work as defined in 20 C.F.R. 416.967(b).

The ALJ found Plaintiff is capable of performing his past relevant work as a cook, short order (hotel and restaurant).  Accordingly, the ALJ determined Plaintiff not disabled at step five of the sequential evaluation  20 C.F.R. 404.1520(g) (Tr. 17).

The standard or scope of review applicable to this case is limited to determining whether the findings of the Commissioner are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971), and whether the correct legal standards were applied, *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence is defined as "'more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). The reviewing court "'may not decide the facts anew, reweigh the evidence, or substitute [its own] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004). Even if the court finds that the evidence preponderates against the Commissioner's decision, the court must affirm the Commissioner's decision if the decision is supported by substantial evidence. *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003).

## II.     REVIEW OF FACTS

### (1)     Background Facts:

Plaintiff was born on April 28, 1966, and was forty-five years old at the time of the ALJ's decision (Tr. 30-31). Plaintiff has a high school diploma.  Plaintiff testified he attended culinary school but was unable to complete it due to financial problems (Tr. 31).  Plaintiff testified he does not own a car, does not have a driver's license nor car insurance because he has no money (Tr. 32).

Plaintiff testified his problems are with his legs and that he is unable to stand for long periods of times and has problems sitting (Tr. 33).  Plaintiff advises he falls because his left leg is unstable and causes him to wobble (Tr. 33). Further, his entire left leg swells up about three to four times a week and that his pain level runs from five to nine on a scale from 1 to 10, 10 being the most severe pain.  Plaintiff elevates his legs which helps control the swelling of his left leg (Tr. 38).   Plaintiff uses a cane when going out, but generally not around the house (Tr. 35).

Plaintiff states he has neuropathy in both hands, more so in the left hand (Tr. 33). Further that his hands get cold and numb (Tr. 33).   Plaintiff stated he has trouble picking things up and drops things frequently  (Tr. 35).

Plaintiff advises of lower back pain, that bending makes his back pain worse and lifting or walking with something being held causes pain.  Plaintiff advises standing to shave causes him back pain.  Also his back pain is constant – some days worse than others (Tr. 33-34).

Plaintiff advises he wakes up in the middle of the night in pain, has problems holding a bar of soap in his hand, washing his hair and buttoning his shirt (Tr. 39).  Plaintiff related he is not a talkative person and has problems talking to people (Tr. 40-41).

5

Plaintiff started treatment with Edward Laird, M.D. in 2004 (Tr. 161), but began more consistent treatment in 2008.  On July 27, 2004, a note by Dr. Laird states Plaintiff's labs revealed "A1Ghbu returns at 9.9 compatible with consistency of his care and medication and previous glucose".  RX: Patient will be called this report.  Told to increase his Glucotrol to 2 per day and to return in three months for A1C homoglobin, fasting BMP and urinalysis (Tr. 161).

On July 20, 2008, Dr. Laird notes state that he has not seen David in 4 years.  "He's really done nothing for his diabetes...  "His major complaint is a chronically swollen left leg and the knee's painful and swollen".  Plaintiff was prescribed Prednisone and scheduled another appointment (Tr. 161).  Plaintiff continued his visits with Dr. Laird through 2008 for his diabetes.

On April 17, 2009, Plaintiff was seen by Dr. Laird for his 3 month diabetic follow-up.  Dr. Laird notes Plaintiff still walks with an ataxic gait and tremors.  Dr. Laird completes form for disability  (Tr. 155).

On November 20, 2009, Plaintiff returns to Dr. Laird for "rib pain".  Plaintiff was fishing and fell and landed on his left lower rib cage.  Diagnosis: "Left cartilaginous rib fracture, anterior left ribs".  Plaintiff was counseled on length of time healing would require.  "Support and reassurance" given (Tr. 152).

On February 5, 2010, Plaintiff presented with a blood pressure reading of 140/72.  Dr. Laird's notes indicated Plaintiff had a history of steatorrhea and was still drinking.  The doctor also stated Plaintiff was eating excessively.  Plaintiff was diagnosed with diabetes mellitus type 2, steatorrhea, neuropathy - left hand, 4th and 5th finger.  Plaintiff was advised to control his diet and stop consuming alcohol in order to improve his diabetes (Tr. 18).

On February 15,  2010,  Martha Pollock, M.D., at the request of SSA, completed a medical evaluation of the Plaintiff.  Dr. Pollack found the following:   Plaintiff walked normally without the use of an assistive device.  Plaintiff has a history of diabetes poorly controlled with complaints of diabetic peripheral neuropathy.  Plaintiff has history of knee pain and left leg swelling.  Plaintiff is unable to do orthopedic maneuver such as heel and toe walking, squatting or hopping.  Plaintiff has history of hypertension and is being treated with Prinivil (Tr. 166-168).

On March 19, 2010, Thomas Renny,  D.O. , at the request of SSA, completed a Physical Residual Functional Capacity Assessment Form.   Plaintiff was found to be able to occasionally lift 20 lbs., frequently lift 10 lbs., stand and walk about 6 hours in an 8 hour work day and sit about 6 hours in an 8 hour workday, with unlimited push/pull restrictions.  Mr. Renny wrote "Claimant alleges hypertension, diabetes mellitus with a bilateral foot diabetic sensory neuropathy, left knee arthralgia and s/p the 11/09 report of left rib fractures.  CE reports the hypertension with a normal cardiac and pulmonary exam and no hypertensive target organ damage.  The diabetes mellitus is reported with decreased sensory perception in both feet but no other diabetic end organ damage.  CE reports the left knee with a normal rom and effective ambulation with a hhad (sp ?).  A cane is not medically needed.  Transfer is normal with a trace swelling.  CE does not report any significant objective physical functional loss related to the left knee.  CE does not report any 11/09 left rib fracture functional loss" (Tr. 171-175).  Further, "This mer does show an mdi.  Physical exams and ancillary data suggest at least partial credibility.  A cane is not medically needed.  Pain is considered in this RFC" (Tr. 176).

On April 22, 2011, Dr. Laird completed a Physical Capacity Evaluation form.  Dr. Laird indicated Plaintiff can stand/walk one hour to four hours in an 8 hour work day.  Sit 8 hours in an

8 hour work day.  Lift less than 10 lbs.  Plaintiff could use hands for repetitive grasping, pushing

and pulling and fine manipulation with the right hand only.  Plaintiff could not use feet for

repetitive movements and could only occasionally bend, with no ability to squat crawl or climb

and Plaintiff is able to reach above shoulder level (Tr. 195-916).

## III.   SPECIFIC ISSUES

### A.   THE ALJ IMPROPERLY DETERMINED PLAINTIFF CAN RETURN TO HIS PAST RELEVANT WORK AS "COOK, SHORT ORDER"

In the instant case, the ALJ concluded that the Plaintiff can perform his past relevant

work as a "cook, short order" as actually and generally performed.  The Plaintiff argues that the

ALJ failed to consider all of the duties of Plaintiff's past work and evaluate the Plaintiff's ability

to perform those duties in spite of the impairments.  *Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3

(11th Cir. 1990).

Plaintiff testified that his job included "unload[ing] deliveries and put[ting] stuff away"

(Tr. 110).  He had to carry things from the truck to the back door, including meat weighing 80 to

100 pounds.  Neither of these duties are listed in the DOT description of "cook, short order".

DOT no. 313.374-014.  Thus, Plaintiff's description of the job indicates that his job required him

to perform the duties of a cook as well as some sort of laborer job such as Laborer (meat

Products). DOT no. 529.687-130, which requires exerting 50 to 100 pounds of force.  Plaintiff

also argues this makes Plaintiff's position a "composite" job. *Carmickle v. Comm'r., Soc. Sec.

Admin.,* 533 F.3d 1155, 1166 (9th Cir. 1008).

In order to prove disability, claimants must show that they no longer can perform their past relevant work as they actually performed it or as this work is generally performed in the national economy. *Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986); 20 C.F.R. 404.1560(b)(2); S.S.R. 82-61. If an ALJ finds that the claimant cannot perform past relevant work as the claimant actually performed it, the ALJ "will consider whether the claimant can perform the functional demands and duties of the occupation as generally required by employers throughout the national economy." *Scharber v. Comm'r of Soc. Sec.*, 411 Fed. Appx. 281, 282 (11th Cir. Jan. 21, 2011) (citing S.S.R. 82-61).

In this case, the ALJ found Plaintiff capable of performing the full range of light work. However, the job described by Plaintiff required him to lift as much as 100 lbs. Because the ALJ limited the Plaintiff to light work, by definition, he found that the claimant cannot lift more than 20 pounds. Thus, Plaintiff would be precluded from performing his past relevant work as "cook, short order" as actually performed by the ALJ's own limitations.

## B.   THE ALJ DID NOT HAVE GOOD CAUSE TO REJECT THE OPINION OF DR. LAIR, PLAINTIFF'S TREATING PHYSICIAN OR DR. POLLOCK'S CONSULTATIVE REPORT

The opinion of the treating physician(s) is to be given substantial weight in determining disability. *Hillsman v. Bowen*, 804 F.2d 1179, 1181 (11th Cir. 1985). *Wood v. Chater*, 995 F.Supp. 785, 788 (M.D.Fla. 1997), *Boughton v. Heckler*, 776 F.2d 960, 961-962 (11th Cir. 1985). The Eleventh Circuit has  stated:

"It is not only legally relevant but unquestionably logical that the opinions, diagnosis, and medical evidence of a treating physician whose familiarity with the patient's injuries, course of treatment, and responses over a considerable length of time, should be given considerable weight." *Bloodsworth v. Heckler*, 703 F.2d 1233,  1240 (11th Cir. 1983)

On April 17, 2009, Dr. Laird opined that Plaintiff is unable to work and has constant balance limitations due to diabetes and stemming neuropathy "demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, of gait and station" (Tr. 146).

On April 22, 2011, Dr. Laird noted that Plaintiff can stand/walk for 4 hours in an 8-hour workday; cannot lift less than 10 pounds even occasionally; unable to perform simple grasping and fine manipulation with his left hand; unable to use feet for repetitive movements as in operating foot controls; unable to squat, crawl, climb, and is only able to bend occasionally (Tr. 195-196).

Dr. Laird's opinion is supported by his records, including those which indicate that Plaintiff suffers from severe ataxia, unsteady gait, neuropathy in his hands, back pain and trouble walking (Tr. 153, 155). Dr. Laird's opinion, was also supported by the opinion of Dr. Polock, who concluded that Plaintiff's left leg is swollen and has a trace of edema; and Plaintiff "is unable to do orthopedic maneuvers such as heel and toe walking, squatting or hopping due to complaints in the left leg"; and "utilizing a cane to ambulate distances greater than 10 feet" (Tr. 168).

Further, the ALJ stated that regarding Plaintiff's use of hand, the record only indicates Plaintiff has coolness in his fingers, but full range of motion. However, both Dr. Laird and Dr. Pollock concluded Plaintiff has diabetic neuropathy in his fingers (Tr. 155, 166).

The ALJ also referred to some of Dr. Laird's statements regarding Plaintiff's non-compliance with treatment and drinking in his decision. However, on April 17, 2009, Dr. Laird

10

opined that Plaintiff was unable to work, which was before treatment and drinking problems

started (Tr. 146) . Dr. Laird's treatment notes from 2009 do not indicate lack of compliance with

treatment or any drinking problems; rather these problems seem to have begun in 2010 (Tr. 183).

Additionally, the ALJ found that Plaintiff's use of alcohol is not material to the finding of the

Plaintiff's disability (Tr. 22).

The record shows Plaintiff suffers from severe ataxia, unsteady gait, trouble walking,

decreased sensation in both beet, neuropathy, unable to perform orthopedic maneuvers, and

Plaintiff's need to use a cane for distances over ten feet (Tr. 153, 166, 168).

In the instant case, the ALJ has failed to provide "good cause for rejecting Dr. Laird's

opinion, rather he accepted it as true as a matter of law. *MacGregor v. Bowen*, 786 F.2d 1050,

1053 (11th Cir. 1986) (If an ALJ either "ignored or failed properly to refute a treating physician's

testimony, we hold as a matter of law that he has accepted it as true.").

### C. THE ALJ ERRED IN NOT REQUIRING VOCATIONAL EXPERT TESTIMONY AT THE HEARING

According to the law in this Circuit, the use of a vocational expert is warranted if (1) an

individual is unable to perform a full range of work at a given level of exertion, or (2) if the

Plaintiff has non-exertional impairments that significantly limited basic work skills. *Jones v.*

*Apfel,* 190 F.3d 1224, 1229 (11th Cir. 1999).

In this case, Plaintiff has a serious limitation with his left hand which precludes him from

performing repetitive simple grasping and fine manipulation (Tr. 195). These limitations would

warrant use of a vocational expert. *Foot v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). ("it is

only when the claimant can clearly do unlimited types of light work, ...that it is unnecessary to

11

call a vocational expert to establish whether the claimant can perform work which exists in the national economy.")

Additionally, Dr. Laird's and Dr. Pollock's records indicate Plaintiff suffers from ataxia, unsteady gait, tremors, trouble walking decreased sensation in both feet and the inability to perform orthopedic maneuvers (Tr. 153, 155, 166, 168, 183).  These limitations also warrant use of a vocational expert under S.S.R. 96-9p.

## IV.    CONCLUSION AND RECOMMENDATION

There is a reasonable possibility that a proper analysis of Plaintiff's non-exertional impairments would change the administrative results.  Therefore, it is respectfully recommended that the decision of the Commissioner be **REVERSED and REMANDED** to:

(1)     Allow the Commissioner to properly analyze Plaintiff's past relevant work;

(2)     properly consider the opinion and medical records of Dr. Laird;

(3)     elicit the testimony of a vocational expert regarding Plaintiff's impairments; and issue a new decision .

**RESPECTFULLY RECOMMENDED**  in Chambers, Fort Myers, Florida, this 15th day of  January,  2013 .

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
of Court Mail or Deliver Copies of
this Order to All Parties and All
Counsel of Record

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations in this report pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 6.02 within fourteen (14) days of the date of its filing shall bar an aggrieved party from a *de novo* determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal.